UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No.: 14-154 |
| ANTWINE SMITH | SECTION: "J" (1) |

## ORDER & REASONS

Before the Court is a *Second Motion for Compassionate Release* **(Rec. Doc. 776)** filed by Defendant, Antwine Smith, and an opposition thereto (Rec. Doc. 785) filed by the Government. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Defendant's motion is **DENIED.**

## FACTS AND PROCEDURAL BACKGROUND

On November 15, 2018, Defendant was sentenced by this Court to 78 months imprisonment after pleading guilty to conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin. (Rec. Doc. 715). Defendant is currently incarcerated at FCC Yazoo City with a projected released date of May 11, 2021. Defendant submitted a request for a compassionate release motion to the warden of FCC Yazoo City on May 11, 2020. (Rec. Doc. 772-1). The warden has yet to respond to his request. On June 4, 2020, the Court denied as premature Defendant's first motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). On June 16, 2020, Defendant filed the present motion, his second asking for compassionate release. Defendant cites the presence of Covid-19 at his place of imprisonment, as

well as alleged medical issues placing him in a high-risk category for Covid-19, as the primary basis for his release.[1]

## DISCUSSION

As an antecedent matter, it is undisputed that Defendant's request to the warden of FCC Yazoo City, combined with the warden's lack of response, has satisfied the procedural requirements of bringing a compassionate release motion on his own behalf. § 3582(c)(1)(A).

Because Defendant's motion for compassionate release is properly before the Court, the Court must determine whether Defendant has met his burden of proving he is entitled to a sentence reduction under § 3582(c)(1)(A). *See United States v. Jones,* 836 F.3d 896, 899 (8th Cir. 2016) (the movant bears the burden of proving he is entitled to a sentence reduction). A defendant seeking a sentence reduction must establish that "extraordinary and compelling reasons warrant the reduction" and "[he] is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13.[2]

The Government concedes that Defendant's diabetes is a chronic condition that, combined with the realistic threat of Covid-19, "presents "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility," as stated in § 1B1.13, cmt. n. The Court agrees, and thus finds that Defendant has met his burden

---

[1] Defendant claims he has "Hypertension, Diabetes, Heart Disease, and High Cholesterol." (Rec. Doc. 760 at 2).
[2] The "lack of danger" requirement derives from the Sentencing Commission's Policy Statement on sentencing reductions under § 3582(c)(1)(A).

of proving an extraordinary and compelling reason exists justifying compassionate release.

Nevertheless, despite the existence of a medical condition constituting an extraordinary and compelling reason, Defendant is not entitled to compassionate release because he has failed to establish that, if released, he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). The danger posed to the community by drug offenders writ large, and armed drug offenders in particular, is well-established. *See United States v. Hare,* 873 F.2d 796, 798-99 (5th Cir. 1989); *see also United States v. Daychild,* 357 F.3d 1081, 1100 (9th Cir. 2004) (Danger to the community posed by armed drug traffickers is "too plain to permit dispute"). Defendant's PSR indicates that law enforcement officers found "a Glock 21, .45 caliber handgun, a 30-round Glock, .45 caliber magazine, and a Glock, .45 caliber magazine containing 13 live rounds" when searching Defendant's residence. (Rec. Doc. 494 at 15).

Moreover, the instant conviction is far from an isolated incident. Defendant has a long and troublesome criminal history, including multiple convictions and arrests on drug and firearm charges. *Id.* at 18-22.[3] This pattern of conduct evinces a defendant with a strong predilection for dangerous behavior that precludes a granting of compassionate release. *See United States v. Miranda*, 2020 WL 2124604

---

[3] Defendant was convicted of attempted second degree murder as a juvenile. As an adult, Defendant was convicted of, among other things, cocaine distribution, possession of a machine gun, and credit card fraud. Defendant has twice been arrested for second-degree murder, although both times local authorities eventually refused to press charges.

3

(D. Conn. May 5, 2020) (denying compassionate release for a defendant with history of drug crimes and violence).

Even more troublesome is Defendant's history of wholly disregarding any terms of home confinement or supervised release. Defendant has previously had his supervised release revoked by another Section of this Court after being arrested for credit card fraud in Mississippi. (Rec. 494 at 19); *see United States v. Paulino,* No. 19 Cr. 54 (PGG), 2020 WL 1847914, at *6 (S.D.N.Y. Apr. 13, 2020) (Noting in denying release due to Covid-19 that "in committing the instant crime, the Defendant violated his probation."). Not only did Defendant violate the terms of his supervised release by committing credit card fraud, but he also crossed state lines into Mississippi without notifying his probation officer. *Id.*[4]

Defendant further illustrated his inability to abide by external rules and conditions by routinely committing infractions while in prison. While serving his first stint in federal prison for cocaine distribution, Defendant was cited for, amongst other things, missing assignments and submitting falsified statements, frequenting unauthorized areas of the prison, possessing unauthorized gambling paraphernalia, and telephone abuse. (Rec. Doc. 494 at 20). These actions reveal that Defendant is particularly unsuited to serving an additional portion of his sentence via probation or supervision.

---

[4] The Court notes that after serving an additional stint in prison as a result of violating his First Term of Supervised Release, Defendant once again had issues on supervised release. On this occasion, on what was essentially his Second Term of Supervised Release, Defendant was on track to have his supervised release revoked a second time when he was arrested for possession of a stolen vehicle. *See United States v. Antwine Smith*, 99-cr-18, Rec. Doc. No. 74. Ultimately, local authorities declined to pursue charges and the bond issued for Defendant was rescinded. *Id.*

For the foregoing reasons, Defendant has failed to show that if granted compassionate release he would not be a danger to others or to the community.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Second Motion for Compassionate Release* **(Rec. Doc. 776)** is **DENIED**.

New Orleans, Louisiana, this 1st day of July, 2020.

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　CARL J. BARBIER
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE